IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM CHARLES STEELE | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv826 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner William Charles Steele, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pending before the court is a motion filed by the respondent asking that the petition be dismissed as barred by the applicable statute of limitations.

Factual Background and Prior Proceedings

In 2002, pursuant to a plea of guilty entered in the 1st District Court of Jasper County, Texas, petitioner was convicted of sexual assault. *The State of Texas v. William Charles Steele*, cause number 9233JD.  On January 15, 2003, the Texas Court of Appeals for the Ninth District affirmed the conviction in an

1

unpublished opinion.  *Steele v. State*, No. 09-02-00183.[1]  No

petition for discretionary review was filed at this time.

On January 21, 2004, petitioner filed a state application

for writ of habeas corpus.  The Texas Court of Criminal Appeals

granted the application to the extent that petitioner was per-

mitted to file an out-of-time petition for discretionary review.

*Ex parte Steele*, Appl. No. 59,069-01.  The petition for discre-

tionary review was refused on September 20, 2006.  *Steele v.*

*State*, PDR No. 1328-06.

On September 25, 2006, petitioner filed a second state

application for writ of habeas corpus.  The application was

dismissed on November 29, 2006, because petitioner's direct

appeal was still pending.  *Ex parte Steele*, Appl. No. 59,069-02.

### Ground for Review

Petitioner asserts the following grounds for review:  (a)

his plea of guilty was involuntary; (b) he received ineffective

assistance of counsel in connection with his guilty plea and his

appeal; (c) there was prosecutorial misconduct and (d) he was

denied the chance to confront the witnesses against him.

---

[1]  The intermediate appellate court did modify the judgment to reflect
that petitioner was convicted of sexual assault rather than aggravated sexual
assault.

Discussion

On April 24, 1996, the president signed into law the

"Antiterrorism and Effective Death Penalty Act of 1996" (the

"Act").  Pub. L. No. 104-132, 110 Stat. 1214.  The Act amended 28

U.S.C. § 2254, the statute under which petitioner is proceeding,

to create a one year statute of limitations for petitions for

writs of habeas corpus.  The Act added Section 2244 to Title 28,

which, in pertinent part, provides as follows:

> A 1-year period of limitations shall apply to an
> application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the
> time for seeking such review;
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of
> the Constitution of laws of the United States is removed,
> if the applicant was prevented from filing an application
> by such State action;
>
> (C) the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if that
> right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review;
> or
>
> (D) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

Petitioner's conviction was affirmed by the intermediate

appellate court on January 15, 2003.  His conviction therefore

became final on February 15, 2003, thirty days later, when the

time period for filing a petition for discretionary review

expired,[2] and the date on which direct review of petitioner's

conviction ended. The period of limitations therefore began to

run on February 15, 2003, and ran for 339 days until January 21,

2004, when petitioner filed his first state application for writ

of habeas corpus.  As petitioner was granted the chance to file

an out-of-time petition for discretionary review as a result of

filing his first state application, the period of limitations was

tolled until September 20, 2006, when the Court of Criminal

Appeals refused his petition for discretionary review.[3]  The

---

[2]    Pursuant to Texas Rule of Appellate Procedure 68.2, a criminal
defendant has 30 days after entry of a judgment by an intermediate appellate
court to file a petition for discretionary review with the Texas Court of
Criminal Appeals.

[3]    In *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), the United States
Court of Appeals for the Fifth Circuit held that when a petitioner is allowed to
file a petition for discretionary review out-of-time, such action does not
require a federal court to restart the running of the applicable period of
limitations.  Instead, the running of the period of limitations is tolled between
the date on which the state application which led to the petitioner being allowed
to file an out-of-time petition for discretionary review was filed and the date
on which the petition for discretionary review was refused.  The court concluded
that direct review of a petitioner's conviction ends when the time period for
filing a timely petition for discretionary review expires and that when the Court
of Criminal Appeals permits a petitioner to file an out-of-time petition for
discretionary review, it does so as part of the collateral review of the convic-
tion.

period of limitations began to run again on September 21, 2006,

expired 26 days later on October 16, 2006.  As the current

petition is dated December 7, 2006, it was filed after the period

of limitations expired.[4]

Petitioner does not assert that the state created an im-

pediment to her bringing a federal petition for writ of habeas

corpus at an earlier time.  Further, the grounds for review

asserted by petitioner are not based upon a newly recognized

right.  Finally, petitioner has not established his grounds for

---

[4]   Under other circumstances, the period of limitations would have been
tolled between September 25, 2006 and November 29, 2006, when petitioner's second
state application was pending.  However, as set forth above, the Court of
Criminal Appeals dismissed this application because it was filed while peti-
tioner's direct review was still pending.  As the second application was dis-
missed because the Court of Criminal Appeals lacked jurisdiction over the
application, the filing of the application did not cause the running of the
period of limitations to be tolled.  *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir.
2004) (holding that a state application for writ of habeas corpus that is
erroneously accepted by a court which lacks jurisdiction over the writ is not
properly filed).

The court notes that while petitioner's petition for discretionary review
was refused on September 20, 2006, his second state application was not filed
until September 25, 2006.  As a result, it might appear that petitioner filed his
second state application after direct review of his conviction had been con-
cluded.  However, the Court of Criminal Appeals does not have jurisdiction to
consider an application for writ of habeas corpus until direct review of a
conviction becomes final through issuance of the mandate regarding a petition for
discretionary review. *Kelly v. Quarterman*, 2007 WL 4467578 (5th Cir. Dec. 20,
2007);  *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex.Crim.App. 2000).  As peti-
tioner's direct review was not concluded until when the Court of Criminal Appeals
issued its mandate on October 12, 2006 (as set forth on the website operated by
the Court of Criminal Appeals), rather than on the date the petition for discre-
tionary review was refused, the Court of Criminal Appeals properly dismissed the
second application for lack of jurisdiction.

review are based on facts which could not have been discovered earlier through the use of due diligence.

The court should also consider whether petitioner is entitled to invoke the doctrine of equitable tolling. The one-year period of limitations established by the Act is a statute of limitations rather than a bar to jurisdiction. *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).  As a result, the period of limitations is subject to the doctrine of equitable tolling. *Id*.  "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *Id.* at 810 (citation and internal quotation marks omitted).  The doctrine is available in rare and exceptional circumstances, "principally where the [petitioner] is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

In this case, however, petitioner is not entitled to equitable tolling.  In order for equitable tolling to apply, a petitioner must diligently pursue federal habeas relief. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710 (1999).  By waiting more than 11

months before filing his initial state application, petitioner

failed to diligently pursue habeas relief.  *Nelms v. Director*,

No. 01-10696 (5th Cir. Sept. 30, 2002) (unpublished) (concluding

it was not an abuse of discretion to deny equitable tolling to an

inmate who waited more than 317 days before filing a state

application and stating it had found no case where equitable

tolling had been granted after 10 months of the period of limita-

tions slipped by).

<u>ORDER</u>

For the reasons set forth above, the respondent's motion to

dismiss is **GRANTED**.  A final judgment shall be entered dismissing

the petition.

**SIGNED** this the **19** day of **March, 2008.**

Thad Heartfield
United States District Judge

7